UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DONALD KEITH RUNNELS** | : | **DOCKET NO. 2:3-cv-00252** |
| **D.O.C. # 187611** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **STATE OF LOUISIANA, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Donald Keith Runnels, who is proceeding *pro se* in this matter. Runnels is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Tensas Parish Detention Center in Waterproof, Louisiana. This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED**.

**I.**
**BACKGROUND**

The procedural background involving the numerous petitions for writ of habeas corpus filed by Petitioner Runnels in this Court is clearly laid out in the Report and Recommendation issued in *Runnels v. Edwards*, No. 19-0178, 2019 U.S. Dist. LEXIS 66635 (W.D. La. Apr. 8, 2019), doc. 15. It will not be repeated here.

Runnels continues serving a 15-year term of imprisonment, without the benefit of probation or suspension of sentence, as a result of his 2011 conviction for simple burglary and the subsequent habitual offender determination. This is petitioner's <u>eighth</u> petition filed in this Court challenging the same conviction. The claim raised in the instant petition, a challenge to his habitual offender status, was either previously raised, or if not couched exactly identical to the claim herein, could have been raised, in his prior petitions.

## II.
## LAW & APPLICATION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas-corpus petition to be summarily dismissed. The Court of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records, it is apparent that this is a successive petition. *See* 28 U.S.C. § 2244(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. An application "is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000). In this instance, the Court finds the present petition successive within the meaning of 28 U.S.C. § 2244(b). It contains claims that could have been raised in his earlier federal petitions.

When a petition is second or successive, then the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. See 28 U.S.C. §

2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id*. § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id*. § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id*. § 2244(b)(3)(A) and (B).

Before this Court may consider a second or successive petition, petitioner must obtain authorization to file it from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Because the record does not reveal that petitioner received such authorization, this Court lacks jurisdiction. *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

### III.
### SANCTIONS

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id*. Sanctions may be appropriate when a pro-se litigant has a history of submitting repetitious or frivolous claims. See Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Appropriate sanctions may include

restrictions on the ability to file future pro-se actions without leave of court and monetary sanctions.

This is petitioner's <u>eighth</u> § 2254 habeas petition filed in this Court challenging the same 2011 state conviction and subsequent habitual offender determination. Petitioner is well aware that he must obtain authorization from the Fifth Circuit Court of Appeals to file a successive petition, as previously instructed by this Court.

Accordingly, petitioner is warned that sanctions will be imposed if he files another § 2254 petition seeking habeas relief involving his 2011 conviction and subsequent habitual offender determination without authorization to do so by the Fifth Circuit Court of Appeals. In addition to monetary penalties, such sanctions may include an order barring petitioner from filing any civil actions in this Court without obtaining prior authorization from a district judge or magistrate judge. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** as abusive.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal

conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 17th day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE